Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant WIN-WIN HOTEL INVESTMENT PARTNERS, LTD

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ORLANDO GARCIA,<br><br>              Plaintiff<br><br>v.<br><br>WIN-WIN HOTEL INVESTMENT PARTNERS, LTD., a California Limited Partnership; and Does 1-10,<br><br>              Defendants. | Case No.:  2:21-cv-03180<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(A)**<br><br>LA County Sup. Ct. Case No. 21LBCV00122<br><br>Hon. Mark Kim |

Notice of Removal of Complaint

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF ORLANDO GARCIA AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant WIN-WIN HOTEL INVESTMENT PARTNERS, LTD ("DEFENDANT") has been named and served as Defendant in the above-captioned matter. DEFENDANT now removes the action from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, DEFENDANT states as follows:

## PROCEDURAL HISTORY

1.     Plaintiff Orlando Garcia ("Garcia" or "Plaintiff") commenced this action by filing a Complaint captioned *Orlando Garcia v. Win-win Hotel Investment Partners, Ltd et al.*, Case No. 21LBCV00122 in the in the California Superior Court for Los Angeles County  (the "State Court Action") on March 9, 2021.

2.     Plaintiff served DEFENDANT with a Summons and the Complaint on March 16, 2021.  Pursuant to 28 U.S.C § 1446(a), true and correct copies of the "process, pleadings, and orders" served upon Defendants, including the Summons and Complaint are attached to this Notice as Exhibit 1.

3.     The California Superior Court for Los Angeles County is located within the Central District of California. (28 U.S.C. § 84(c).) This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §1441(a).

## ALLEGATIONS IN THE COMPLAINT

4.     In the Complaint filed in the State Action, Plaintiff claims that Defendant's identification and description of its accessible features deny him the opportunity to assess whether Defendant's hotel meets his accessibility needs and that he cannot make reservations for accessible guest rooms in the same manner as guests without disabilities in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. ("ADA") (First Cause of Action) and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("Unruh") in the Second Cause of Action.

5.     Defendant disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff has been harmed in any way by any act or omission of Defendant.

## GROUNDS FOR REMOVAL

6.     Plaintiff's claims are based, in part, on alleged violations of federal law as Count I of the Complaint alleges violations of the ADA.

7.     Because this action involves claims under the ADA, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 based upon the existence of a Federal Question and this action is subject to removal under 28 U.S.C. § 1441.

8.     Pursuant to 29 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Central District of California, which is the District in which the State Action was filed and is presently pending.

10.     This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) as it was filed within thirty (30) days after Plaintiff served Defendant with the Complaint.

11.     After filing this Notice of Removal, Defendant will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the California Superior Court for Los Angeles County in accordance with 28 U.S.C. § 1446(d).

12.     Other than Does 1-10, Defendant is unaware of any other parties who have been named or who have appeared in the underlying State Court Action.

## NON-WAIVER OF DEFENSES

13.     By removing this action from California Superior Court, Defendant does not waive any defenses available to it.

14.     By removing this action from California Superior Court, Defendant does not admit any of the allegations in Plaintiff's Complaint.

## CONCLUSION

15.     For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.

1       WHEREFORE, Defendant request the Court accept this Notice of Removal of this

2   matter to the United States District Court for the Central District of California.

3                                        Respectfully Submitted,

4                                        STILLMAN & ASSOCIATES

5

6   Dated: April 14, 2021                By:_____

7                                            Philip H. Stillman, Esq.
                                         Attorneys for defendants WIN-WIN HOTEL
8                                        INVESTMENT PARTNERS, LTD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2        I, the undersigned, certify under penalty of perjury that on April 14, 2021 or as soon

3    as possible thereafter, copies of the foregoing Notice of Removal was served electronically

4    by email listed with the Los Angeles County Superior Court on Plaintiff's counsel, Ray

5    Ballister Jr., Potter & Handy and to the Clerk, Los Angeles County Superior Court by

6    OneLegal e-filing.

7                              By: _/s/ Philip H. Stillman_

8                              Attorneys for WIN-WIN HOTEL INVESTMENT
                          PARTNERS, LTD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/09/2021 LBCV00122Sherri R. Carter, Executive Officer/Clerk of Court. by J. Ballesteros,Deputy Clerk

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
**Win-Win Hotel Investment Partners, Ltd.**, a California
Limited Partnership; and Does 1-10;

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
**Orlando Garcia,**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso an la corte. Es possible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en al Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remission a abogados. Si no puede pagar a un abogado, es possible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) or poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pager el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Superior Court in and for the County of Los Angeles
(El nombre y direccion de la corte es):

CASE NUMBER:
(Numero del Caso):
**21LBCV00122**

275 Magnolia
Los Angeles, CA 90802
Governor George Deukmejian Courthouse.

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):

Russell Handy., Center for Disability Access, 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
(858) 375-7385

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 03/09/2021
(Fecha)

Clerk, by _____ J. Ballesteros _____, Deputy
(Secretario)     (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

[Seal]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ Other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

21LBCV00122

Assigned for all purposes to: Governor George Deukmejian Courthouse, Judicial Officer: Mark Kim

Electronically FILED by Superior Court of California, County of Los Angeles on 03/09/2021 06:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Ballesteros,Deputy Cl

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| **Orlando Garcia,**<br><br>   Plaintiff,<br><br>**v.**<br><br>**Win-Win Hotel Investment Partners, Ltd.,** a California Limited Partnership; and Does 1-10;<br><br>   Defendants. | **Case No.** 21LBCV00122<br><br>**UNLIMITED CIVIL CASE**<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Orlando Garcia complains of Win-Win Hotel Investment Partners, Ltd., a California Limited Partnership and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from cerebral palsy. He has the use of only one arm. He uses a wheelchair, walker, or cane for mobility.

2. Defendant Win-Win Hotel Investment Partners, Ltd. owns and operates the Best Western Los Angeles Worldport Hotel located at 1402 W

Complaint

1 | Pacific Coast Hwy, Wilmington, California currently and at all times relevant
2 | to this complaint.

3 |    3.  Plaintiff does not know the true names of Defendants, their business
4 | capacities, their ownership connection to the property and business, or their
5 | relative responsibilities in causing the access violations herein complained of,
6 | and alleges a joint venture and common enterprise by all such Defendants.
7 | Plaintiff is informed and believes that each of the Defendants herein,
8 | including Does 1 through 10, inclusive, is responsible in some capacity for the
9 | events herein alleged, or is a necessary party for obtaining appropriate relief.
10 | Plaintiff will seek leave to amend when the true names, capacities,
11 | connections, and responsibilities of the Defendants and Does 1 through 10,
12 | inclusive, are ascertained.

14 | **JURISDICTION:**
15 |    4.  This Court has subject matter jurisdiction over this action as a court of
16 | general jurisdiction. This Court has personal jurisdiction over Defendants
17 | because they conduct substantial business in the State of California, County of
18 | Los Angeles and Defendants' offending Website is available throughout
19 | California.

20 |    5.  Venue is proper in this Court because Defendant conducts business in
21 | this County.

22 |    6.  Unlimited jurisdiction is proper because Plaintiff seeks a permanent
23 | injunction ordering compliance with the Americans with Disabilities Act.

25 | **PRELIMINARY STATEMENT**
26 |    7.  This is a lawsuit challenging the reservation policies and practices of a
27 | place of lodging. Plaintiff does not know if any physical or architectural
28 | barriers exist at the hotel and, therefore, is not claiming that that the hotel has

2

Complaint

1    violated any construction-related accessibility standard. Instead, this is about
2    the lack of information provided on the hotel's reservation website that would
3    permit plaintiff to determine if there are rooms that would work for him.

4         8.   After decades of research and findings, Congress found that there was
5    a "serious and pervasive social problem" in America: the "discriminatory
6    effects" of communication barriers to persons with disability. The data was
7    clear and embarrassing. Persons with disabilities were unable to "fully
8    participate in all aspects of society," occupying "an inferior status in our
9    society," often for no other reason than businesses, including hotels and
10   motels, failed to provide information to disabled travelers. Thus, Congress
11   decided "to invoke the sweep of congressional authority" and issue a "national
12   mandate for the elimination of discrimination against individuals with
13   disabilities," and to finally ensure that persons with disabilities have "equality
14   of opportunity, full participation, independent living" and self-sufficiency.

15        9.   As part of that effort, Congress passed detailed and comprehensive
16   regulations about the design of hotels and motels. But, as importantly,
17   Congress recognized that the physical accessibility of a hotel or motel means
18   little if the 61 million adults living in America with disabilities are unable to
19   determine which hotels/motels are accessible and to reserve them. Thus,
20   there is a legal mandate to provide a certain level of information to disabled
21   travelers.

22        10.  But despite the rules and regulations regarding reservation procedures,
23   a 2019 industry article noted that: "the hospitality sector has largely
24   overlooked the importance of promoting accessible features to travelers."

25        11. These issues are of paramount important. Persons with severe
26   disabilities have modified their own residences to accommodate their unique
27   needs and to ameliorate their physical limitations. But persons with disabilities
28   are never more vulnerable than when leaving their own residences and having

3

1    to travel and stay at unknown places of lodging. They must be able to ascertain
2    whether those places work for them.
3
4
5    **FACTUAL ALLEGATIONS:**
6        12. Plaintiff planned on making a trip in March of 2021 to the Wilmington,
7    California, area.
8        13. He chose the Best Western Los Angeles Worldport Hotel because this
9    hotel was at a desirable price and location.
10       14. Due to Plaintiff's condition, he is unable to, or seriously challenged in
11   his ability to, stand, ambulate, reach objects mounted at heights above his
12   shoulders, transfer from his chair to other equipment, and maneuver around
13   fixed objects.
14       15. Thus, Plaintiff needs an accessible guestroom and he needs to be given
15   information about accessible features in hotel rooms so that he can confidently
16   book those rooms and travel independently and safely.
17       16. On February 24, 2021, while sitting bodily in California, Plaintiff went
18   to the Best Western Los Angeles Worldport Hotel reservation website at
19   https://www.bestwestern.com/en_US/book/hotels-in-wilmington/best-
20   western-los-angeles-worldport-hotel/propertyCode.05581.html seeking to
21   book an accessible room at the location.
22       17. This website reservation system is owned and operated by the
23   Defendants and permits guests to book rooms at Best Western Los Angeles
24   Worldport Hotel.
25       18. Plaintiff found that there was insufficient information about the
26   accessible features in the "accessible rooms" at the Hotel to permit him to
27   assess independently whether a given hotel room would work for him.
28       19. For example, Plaintiff cannot transfer from his wheelchair to a toilet

4

1   unless there are grab bars at the toilet to facilitate that transfer. But the Hotel
2   reservation website does not provide any information about the existence of
3   grab bars for the accessible guestroom toilets. This is critical information for
4   the plaintiff.

5       20. As another example, Plaintiff has had tremendous difficulty with using
6   lavatory sinks in the past because sinks were cabinet style sinks or had low
7   hanging aprons that did not provide knee clearance for a wheelchair user to
8   pull up and under or, alternatively, where the plumbing underneath the sink
9   was not wrapped with insulation to protect against burning contact to his
10  knees. Here, the Hotel reservation website provides no information about the
11  accessibility of the sinks in the accessible guestroom.

12      21. The only specific accessibility feature (for persons with mobility
13  disabilities) identified for *any actual given room* is "Mobility Accessible." This
14  sole bit of information does not describe any of the accessible features of the
15  room. It is conclusory and offers no helpful information to Plaintiff.

16      22. Plaintiff does not need an exhaustive list of accessibility features.
17  Plaintiff does not need an accessibility survey to determine of a room works for
18  him. Plaintiff, like the vast majority of wheelchair users, simply needs a
19  handful of features to be identified and described with a modest level of detail:

20      •  For the doors, Plaintiff simply needs to know if he can get into the hotel
21          room and into the bathroom. This is a problem that has created
22          tremendous problems for the Plaintiff in the past. A simple statement
23          that the hotel room entrance and interior doors provide at least 32
24          inches of clearance is enough to provide Plaintiff this critical piece of
25          information about whether he can fit his wheelchair into the hotel
26          rooms.

27      •  For the beds themselves, the only thing Plaintiff needs to know (and the
28          only thing regulated by the ADA Standards) is whether he can actually

Complaint

get to (and into) the bed, i.e., that there is at least 30 inches width on the side of the bed so his wheelchair can get up next to the bed for transfer. This is critical information because Plaintiff cannot walk and needs to pull his wheelchair alongside the bed.

- For the desk where Plaintiff will eat and work, Plaintiff simply needs to know that it has sufficient knee and toe clearance so that he can use it. A simple statement like "the desk provides knee and toe clearance that is at least 27 inches high, 30 inches wide, and runs at least 17 inches deep" is more than sufficient. Because Plaintiff is confined to a wheelchair, he needs to know this information to determine if the desk is accessible to and useable by him.

- For the restroom toilet, Plaintiff only needs to know two things that determine if he can transfer to and use the toilet; (1) that the toilet seat height is between 17-19 inches (as required by the ADA Standards) and (2) that it has the two required grab bars to facilitate transfer.

- For the restroom sink, the Plaintiff two things that will determine whether he can use the sink from his wheelchair: (1) can he safely get his knees under the toilet? To wit: does the sink provide the knee clearance (27 inches high, 30 inches wide, 17 inches deep) and is any plumbing under the sink wrapped with insulation to protect against burning contact? The second thing is whether the lavatory mirror is mounted at a lowered height so that wheelchair users can sue it. A simple statement like: "the lavatory sink provides knee clearance of at least 30 inches wide, 27 inches tall and 17 inches deep, all of the under-sink plumbing is wrapped, and the lowest reflective edge of the mirror is no more than 40 inches high" would suffice.

- Finally, for the shower, Plaintiff needs to know only a handful of things: (1) what type of shower it is (transfer, standard roll-in, or alternate roll-

6

1    in), (2) whether it has an in-shower seat; (3) that there are grab bars
2    mounted on the walls; (4) that there is a detachable hand-held shower
3    wand for washing himself and (5) that the wall mounted accessories and
4    equipment are all within 48 inches height.

5        23. This small list of items are the bare necessities that Plaintiff must know
6    to make an independent assessment of whether the "accessible" hotel room
7    works for him. These things comprise the basics of what information is
8    reasonably necessary for Plaintiff (or any wheelchair user) to assess
9    independently whether a given hotel or guest room meets his or her
10   accessibility needs.

11       24. Other accessibility requirements such as slopes of surfaces, whether the
12   hand-held shower wand has a non-positive shut off valve, the temperature
13   regulator, the tensile strength and rotational design of grab bars, and so many
14   more minute and technical requirements under the ADA are beyond what is a
15   reasonable level of detail and Plaintiff does not expect or demand that such
16   information is provided.

17       25. But because the Defendants have failed to identify and describe the core
18   accessibility features in enough detail to reasonably permit individuals with
19   disabilities to assess independently whether a given hotel or guest room meets
20   his accessibility needs, the Defendants fail to comply with its ADA obligations
21   and the result is that the Plaintiff is unable to engage in an online booking of
22   the hotel room with any confidence or knowledge about whether the room will
23   actually work for him due to his disability.

24       26. This lack of information created difficulty for the Plaintiff and the idea
25   of trying to book this room -- essentially ignorant about its accessibility --
26   caused difficulty and discomfort for the Plaintiff and deterred him from
27   booking a room at the Hotel

28       27. Plaintiff travels frequently and extensively, not only for non-litigation

7

reasons but also because he is an ADA tester and actively engaged in finding law breaking businesses and hauling them before the courts to be penalized and forced to comply with the law.

28. As he has in the past, Plaintiff will continue to travel to the Wilmington area on a regular and ongoing basis and will patronize this Hotel once it has been represented to him that the Defendant has changed its policies to comply with the law and to determine if the Hotel is physically accessible as well as complying with required reservation procedures. Plaintiff will, therefore, be discriminated against again, i.e., be denied his lawfully entitled access, unless and until the Defendant is forced to comply with the law.

29. Plaintiff has reason and motivation to use the Defendant's Hotel reservation system and to stay at the Defendant's Hotel in the future. Among his reasons and motivations are to assess these policies and facilities for compliance with the ADA and to see his lawsuit through to successful conclusion that will redound to the benefit of himself and all other similarly situated. Thus, Plaintiff routinely revisits and uses the facilities and accommodations of places he has sued to confirm compliance and to enjoy standing to effectuate the relief promised by the ADA.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

30. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or

8

accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of those goods, services, facilities, privileges advantages or accommodations. See 42 U.S.C. § 12182(B)(2)(A)(ii).

32. Specifically, with respect to reservations by places of lodging, a defendant must ensure that its reservation system, including reservations made by "any means," including by third parties, shall:

      a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

      b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

      c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

See 28 C.F.R. § 36.302(e).

33. Here, the defendant failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs and failed to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible

1    rooms.

2

3    **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

4    **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

5    Code § 51-53.)

6       34. Plaintiff repleads and incorporates by reference, as if fully set forth

7    again herein, the allegations contained in all prior paragraphs of this

8    complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

9    that persons with disabilities are entitled to full and equal accommodations,

10    advantages, facilities, privileges, or services in all business establishment of

11    every kind whatsoever within the jurisdiction of the State of California. Cal.

12    Civ. Code §51(b).

13       35. The Unruh Act provides that a violation of the ADA is a violation of the

14    Unruh Act. Cal. Civ. Code, § 51(f).

15       36. Defendants' acts and omissions, as herein alleged, have violated the

16    Unruh Act by, inter alia, failing to comply with the ADA with respect to its

17    reservation policies and practices.

18       37. Because the violation of the Unruh Civil Rights Act resulted in difficulty

19    and discomfort for the plaintiff, the defendants are also each responsible for

20    statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

21

22       **PRAYER**:

23       Wherefore, Plaintiff prays that this Court award damages and provide

24    relief as follows:

25       1. For injunctive relief, compelling Defendants to comply with the

26    Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

27    plaintiff is not invoking section 55 of the California Civil Code and is not

28    seeking injunctive relief under the Disabled Persons Act at all.

Complaint

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

Dated: March 9, 2021                    CENTER FOR DISABILTY ACCESS

By:_____
Russell Handy, Esq.
Attorneys for Plaintiff

11

Complaint

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Russell Handy, Esq., SBN 195058<br>Center for Disability Access<br>Mail: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>Delivery: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>TELEPHONE NO.: (858) 375-7385   FAX NO.: (888) 422-5191<br>ATTORNEY FOR *(Name):* Plaintiff, **Orlando Garcia,** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 275 Magnolia,
MAILING ADDRESS: 275 Magnolia,
CITY AND ZIP CODE: Los Angeles, CA 90802
BRANCH NAME: Governor George Deukmejian Courthouse

CASE NAME:
Garcia v. Win-Win Hotel Investment Partners, Ltd.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21LBCV00122<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 2: Americans with Disabilities Act, Unruh Civil Rights Act
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/9/2021

Russel Handy, Esq.
_____ ▶ _____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE: Garcia v. Win-Win Hotel Investment Partners, Ltd. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3-5 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Garcia v. Win-Win Hotel Investment Partners, Ltd. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Garcia v. Win-Win Hotel Investment Partners, Ltd. | CASE NUMBER: |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8 |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Garcia v. Win-Win Hotel Investment Partners, Ltd. | CASE NUMBER |
| --- | --- |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1402 W Pacific Coast Hwy, |
| --- | --- |
| CITY:<br>Wilmingto | STATE:<br>CA | ZIP CODE:<br>90744 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Governor George Deukmejian courthouse in the South District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local rule 2.0, subds. (b), (c) and (d)].

Dated: 3/9/2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

| | |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/09/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By ____ J. Ballesteros ____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21LBCV00122 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Mark C. Kim | S27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/09/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Ballesteros _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

A complaint must be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, or time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Class actions, provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court, rule 3.400, et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex it will be returned to an Independent Calendar Courtroom for all purposes.

## NOTICE OF CASE ASSIGNMENT — UNLIMITED CIVIL CASE



Superior Court of California, County of Los Angeles

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate their strengths and weaknesses of their case, and works with them to try to create an agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any and when they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**

Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation is agreed on with CDR (to be approximated).

- JAMS, Inc.: Case Manager (213) 356-0770  mtg@jamsadr.com
- Mediation Center of Los Angeles Case Manager (833) 476-0185  info@mediationLA.org

**These organizations cannot accept every case and they may decline cases at their discretion.**

Visit www.lacourt.org/ADR.ResList for more information and tips regarding contacting them.

NOTE:  This service is not available for family law, probate or small claims.

b.  **Los Angeles County Dispute Resolution Programs**

https://wp.lacounty.gov/brc/mediation/

- Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
  http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer.actions.pdf

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to a person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial, although penalties may apply. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in discussing settlement. For information about the Court's MSC programs for civil cases, visit the Court website.

Los Angeles Superior Court ADR website:  www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit  http://www.courts.ca.gov/programs-adr.htm