UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

JS-6

| | |
|---|---|
| Case No. 2:21-cv-03180-MCS-KS | Date May 12, 2021 |
| Title *Garcia v. Win-Win Hotel Inv. Partners, Ltd.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING MOTION TO DISMISS COMPLAINT (ECF NO. 9) AND REMANDING CASE TO STATE COURT (JS-6)**

Defendant Win-Win Hotel Investment Partners, Ltd., moved to dismiss Plaintiff Orlando Garcia's Complaint. (Mot., ECF No. 9.) Plaintiff filed a First Amended Complaint after Defendant filed its motion. (FAC, ECF No. 11.) Because the FAC supersedes the pleading the motion sought to dismiss, *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), the Court denies the motion as moot.

Defendant removed this action based on federal question jurisdiction. (Notice of Removal ¶ 7, ECF No. 1.) Plaintiff's FAC drops his sole federal claim under the Americans with Disabilities Act; the remaining claims derive from state law. (*Compare* Compl., ECF No. 1-1, *with* FAC.)

The Court has discretion to decline to exercise supplemental jurisdiction over Plaintiff's remaining claims. 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (collecting authorities). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide

whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.* at 350 n.7.

Plaintiff voluntarily dismissed the only claim over which the Court has original jurisdiction. Defendant urges the Court to retain supplemental jurisdiction over the state law claims. (Resp., ECF No. 12.) But Defendant fails to show this matter is not "the usual case" in which judicial economy, convenience, fairness, and comity favor declining supplemental jurisdiction. *Carnegie-Mellon*, 484 U.S. at 350 n.7; *see Heatherly v. Malika*, No. C-11-04125 DMR, 2013 U.S. Dist. LEXIS 152414, at *6–7 (N.D. Cal. Oct. 23, 2013) (collecting cases for the proposition that "[c]omity and precedent in this circuit strongly disfavor[] exercising supplemental jurisdiction"); *e.g.*, *Garcia v. Montebello Hills Travelodge*, No. CV 21-2804 PA (JEMx), 2021 U.S. Dist. LEXIS 81617, at *2–3, 5–6 (C.D. Cal. Apr. 27, 2021) (rejecting arguments responsive to plaintiff's voluntary dismissal of federal claim similar to arguments presented here).

Having considered judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. The Court remands the matter to the Los Angeles County Superior Court, No. 21LBCV00122. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**